Annie Ticknor (Bar No. 340510)
    annie.ticknor@haynesboone.com
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000
F: (949) 202-3001

Attorneys for Defendant
LAIRD SUPERFOOD, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR CALDERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAIRD SUPERFOOD, INC., and DOES 1 to 10, inclusive,<br><br>Defendant. | Case No.: 2:26-cv-01955<br><br>Assigned to<br>District Judge<br><br>**DEFENDANT LAIRD SUPERFOOD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**PLEASE TAKE NOTICE** that Defendant Laird Superfood, Inc. ("Laird" or "Defendant") hereby removes the above-captioned action from Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of California.  Laird is entitled to removal pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, based on diversity of citizenship.

## I.  PROCEDURAL HISTORY

1.  Laird is a plant-based nutrition company dedicated to making functional foods and drinks like coffee, coffee creamers, daily greens powders, and hydration mixes.

2.  Laird is a named Defendant in a civil action filed on January 26, 2026, by Plaintiff Salvador Caldera ("Mr. Caldera") in the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 26STCV02688 entitled *Caldera v. Laird Superfood, Inc.* (the "State Court Action").  Laird was served with the Complaint on January 29, 2026.  A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit C** (the "Complaint").

3.  Mr. Caldera alleges that Laird mislabeled and falsely advertised its Laird Protein Bars in all flavors ("Protein Bars").  Based on this conduct, he asserts claims on behalf of himself and a putative class under: (1) California's unfair competition law, California Business & Professions Code sections 17200, *et seq.* (the "UCL"); (2) California's false advertising law, California Business & Professions Code sections 17500, *et seq.* (the "FAL"); (3) the California Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq.* (the "CLRA"), (4) negligent misrepresentation, (5) intentional misrepresentation, (6) breach of contract, (7) breach of the implied covenant of good faith and fair dealing, (8) breach of express warranty, and (9) unjust enrichment.

4.  Mr. Caldera seeks injunctive relief barring Laird from advertising its Protein Bars as "protein bars" or referencing protein in the product name or

- 1 -

DEFENDANT LAIRD SUPERFOOD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

description without certain disclosures.  Among other remedies listed in his prayer for relief, Mr. Caldera also seeks damages and restitution.

5. Removal is appropriate due to diversity of citizenship and because the amount in controversy is satisfied.  Laird submits a sworn declaration of its President and Chief Executive Officer, Jason Vieth, in support of removal attesting to satisfaction of the amount in controversy and diversity.  *See generally* Declaration of Jason Vieth ("Vieth Decl.").

6. Counsel for Laird conferred with counsel for Mr. Caldera on February 13, 2026 regarding removal.  Declaration of Annie Ticknor ("Ticknor Decl."), ¶ 2.

7. Pursuant to 28 U.S.C. § 1446(a), all pleadings and accompanying materials filed in the State Court Action are attached hereto.

    a. The Summons is attached as **Exhibit A**;

    b. The Notice of Case Assignment is attached as **Exhibit B**;

    c. The Class Action Complaint is attached as **Exhibit C**;

    d. The Civil Case Cover Sheet is attached as **Exhibit D**;

    e. The Civil Case Cover Sheet Addendum and Statement of Location is attached as **Exhibit E**; and

    f. The ADR Package is attached as **Exhibit F**.

    g. The Clerk's Certificate Of Service By Electronic Service is attached as **Exhibit G.**

    h. The Clerk's Certificate Of Service By Electronic Service is attached as **Exhibit H.**

    i. The Minute Order (re: newly assigned case) is attached as **Exhibit I**.

    j. The Initial Status Conference Order is attached as **Exhibit J**.

    k. The Proof of Service of Summons is attached as **Exhibit K**.

## II.    <u>REMOVAL IS TIMELY</u>

8. Notice of removal must be filed within 30 days after the defendant

DEFENDANT LAIRD SUPERFOOD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

receives the service of summons. *See* 28 U.S.C. § 1446(b). On January 29, 2026, Mr. Caldera served Laird's registered agent for service of process. This Notice of Removal is being filed on February 24, 2026—within the statutory thirty-day period—and is therefore timely.

## III.   REMOVAL IS PROPER

### A.   Removal is Proper Based on Diversity Jurisdiction

9.   The Court has original jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332. This action is removable under 28 U.S.C. §§ 1441 and 1446 because: (a) the parties are citizens of different states; (b) the amount in controversy exceeds $75,000; and (c) Laird is not a citizen of California.

### B.   The Parties Are Citizens of Different States

10.   Plaintiff's Citizenship. For diversity purposes, a person is deemed a "citizen" of the state in which they are domiciled. *See Kantor v. Wellesley Galleries Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A domicile is a person's permanent home, where he resides with the intention to remain or to which he intends to return. *See id.* Mr. Caldera is a citizen of the State of California. Ticknor Decl., ¶ 3; *see also* Ex. C, Complaint ¶ 9 ("Venue as to Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395.5 because *the obligations giving rise to liability occurred in part in the County of Los Angeles, State of California.*") (emphasis added).

11.   Defendant's Citizenship. Laird is a corporation. For purposes of diversity jurisdiction, corporations are deemed citizens of the states in which they are incorporated and in which their principal places of business are located. 28 U.S.C. § 1332(c)(1); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) (discussing rule of corporate citizenship). For diversity purposes, a corporation's principal place of business refers to where a corporation's officers direct and control the corporation's activities and is typically where the corporation maintains its headquarters. *Harris*, 682 F.3d at 851. Laird is a Nevada corporation with its

principal place of business located in Colorado. Vieth Decl., ¶ 3. Thus, Laird is a citizen of Nevada and Colorado. Laird was not and is not a citizen of California.

12. Complete diversity of citizenship therefore exists: Mr. Caldera is a citizen of California, and Laird is a citizen of Nevada and Colorado. *See* 28 U.S.C. §§ 1332, 1441; *see also* Ticknor Decl., ¶ 3; Vieth Decl., ¶ 3.

**C.   The Amount in Controversy Exceeds $75,000**

*(i)   Legal Standard*

13. Removal is appropriate under 28 U.S.C. § 1332(a) when, under the preponderance of the evidence standard, it is more likely than not that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, at the time of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014); *see also Ray v. Wells Fargo Bank, N.A.*, No. CV 11-01477 AHM JCX, 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011).

14. Where removal is based on diversity of citizenship and the initial pleading seeks monetary damages but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and Laird need only include plausible allegations that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. In assessing the amount in controversy, the court must accept the complaint's allegations as true and presume that a jury would return a verdict for the plaintiff on each asserted claim. *Cain v. Hartford Life & Accident Ins. Co.,* 890 F. Supp. 2d 1246, 1249-51 (C.D. Cal. 2012) (accepting as true allegations that if they "were awarded, those damages alone could exceed the minimum $75,000 threshold").

15. Alleging the amount in controversy is not daunting, as courts recognize that under this standard, a removing defendant's "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 87. In fact,

- 4 -

DEFENDANT LAIRD SUPERFOOD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

plaintiffs and removing defendants are "anomalous…with regard to the amount in controversy." *Id.* at 88. (referring to how a plaintiff's amount-in-controversy allegation is accepted if made in good faith).

**(1)   Mr. Caldera's Complaint Does Not Specify a Total Amount in Controversy**

16.   Mr. Caldera asserts damages claims under various of the nine causes of action he alleges (i.e the UCL, FAL, CLRA, etc.) but he does not allege an amount.  *See* Ex. C, Complaint, Prayer for Relief.  Rather, Mr. Caldera seeks: (a) restitution, (b) an injunction, (c) a declaration, and (d) damages.  Mr. Caldera's alleged harm arises from the alleged false advertising of Laird's Protein Bars, requesting injunctive relief prohibiting Laird from advertising the Protein Bars as "protein bars" or referencing protein in the product name or description without certain disclosures going forward.  These damages reasonably could exceed the $75,000.00 threshold.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (When the plaintiff's complaint is unclear and does not specify "a total amount in controversy," the proper burden of proof for removal is preponderance of the evidence).

**(2)   The Amount in Controversy is Easily Over $75,000**

17.   Laird denies the allegations set forth in the Complaint and maintains that Mr. Caldera is not entitled to any relief he seeks.  But there are ample allegations that Mr. Caldera seeks much more than $75,000 through this lawsuit.

18.   <u>Cost of complying with injunction exceeds $75,000.</u>  The cost of injunctive relief can be included in the amount in controversy for removal purposes. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include damages . . . and the cost of complying with an injunction." (internal citations omitted)).  Here, Mr. Caldera seeks injunctive relief that would require Laird to alter all current and future advertising, marketing

- 5 -

materials, and product packaging relating to the Protein Bars. This encompasses a sweeping range of compliance activities, including but not limited to: redesigning product labels and packaging; revising digital and print advertising campaigns; updating website content and social media materials; modifying point-of-sale displays; and recalling or disposing of existing inventory bearing the allegedly objectionable representations. Vieth Decl., ¶¶ 6-7. The scope and duration of the required compliance efforts would impose substantial financial burdens on Laird. *See id.* Given the nationwide distribution of the Protein Bars, the process of identifying, replacing, or modifying all affected advertising and inventory could span years and require significant personnel time and resources. *Id.* Mr. Vieth attests that the combined costs of production changes, advertising revisions, inventory adjustments, and lost productivity in Laird's core business operations would readily surpass the $75,000 jurisdictional threshold. *Id.* Accordingly, even setting aside Mr. Caldera's claims for monetary damages, the cost of complying with the injunctive relief alone satisfies the amount-in-controversy requirement for federal jurisdiction.

19. <u>Damages sought under the various causes of action alleged exceed $75,000.</u> Mr. Caldera's Complaint demonstrates that the amount in controversy is satisfied based on the monetary relief he seeks across his nine causes of action. First, Mr. Caldera alleges that Laird violated the UCL and seeks equitable relief, including money. Ex. C, Complaint ¶¶ 44-45. Second, Mr. Caldera alleges that Laird violated the FAL and requests that the Court restore allegedly improperly obtained money to the Plaintiff and the putative class in the form of price premiums paid. *Id.* at ¶¶ 49-50. Third, Mr. Caldera alleges that Laird violated the CLRA and seeks statutory damages under Civil Code section 1782(d), which permits recovery of actual damages, punitive damages, and attorneys' fees. *Id.* at ¶¶ 56, 60. Section 1782(d) also authorizes courts to award a penalty of up to $5,000 to class members who are senior citizens or disabled persons. The putative class here—"all persons

- 6 -
DEFENDANT LAIRD SUPERFOOD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

who purchased one or more of the" Laird Protein Bars in California—spans multiple years and encompasses at least nine products. Accordingly, only fifteen senior citizens or disabled persons would need to have purchased a single Protein Bar to satisfy the amount in controversy. It is highly likely this is the case. In addition to these statutory claims, Mr. Caldera brings six common law and contract-based causes of action, each of which seeks compensatory damages.[1] *See id.* generally. For each of these claims, Mr. Caldera seeks monetary damages arising from his purchase of Laird's products at allegedly inflated prices. Taken together, the relief sought across these nine causes of action—encompassing statutory damages, attorneys' fees, restitution, disgorgement, and compensatory damages—readily satisfies the amount in controversy requirement for federal jurisdiction.

20.    Injunctive relief and statutory relief alone, and certainly when combined, will reasonably exceed $75,000. Therefore, Mr. Caldera's pleaded assertions and theories of recovery establish that the amount in controversy exceeds $75,000.

## IV.    ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

21.    Removal to this district court is proper because this is the district which embraces the county in which Mr. Caldera filed the State Court Action. 28 U.S.C. § 1441(a).

22.    No party has previously sought to remove this action.

23.    This Notice of Removal is properly filed in the Central District of California pursuant to 28 U.S.C. § 1446(a).

24.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Court Action in Laird's possession are contained in **Exhibits A-K** filed herewith.

---

[1] These six causes of action include intentional misrepresentation, negligent misrepresentation, breach of contract, breach of implied covenant of good faith and fair dealing, breach of express warranty, and unjust enrichment.

- 7 -

DEFENDANT LAIRD SUPERFOOD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

25.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of same in this Court.

26.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

## V.     RESERVATION OF ALL AVAILABLE RIGHTS AND DEFENSES

27.     Laird reserves the right to amend or supplement this Notice of Removal.  Laird expressly reserves all of its defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Mr. Caldera's allegations or waiving any of Laird's defenses.

## VI.    CONCLUSION

WHEREFORE, Laird prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

Date:  February 24, 2026          HAYNES AND BOONE, LLP

By: */s/Annie Ticknor*
    Annie Ticknor
    Attorney for Defendant
    LAIRD SUPERFOOD, INC.

- 8 -

DEFENDANT LAIRD SUPERFOOD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. I am employed with the law offices of Haynes and Boone, LLP and my business address is 600 Anton Blvd., Suite 700, Costa Mesa, California 92626.

On February24, 2026, I served the following document, entitled **DEFENDANT LAIRD SUPERFOOD, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**, on the interested party in this action, addressed as follows, and in the manner so indicated:

| | |
|---|---|
| Anthony J. Orshansky<br>Alexandria R. Kachadoorian<br>Justin Kachadoorian<br>COUNSELONE, P.C.<br>9465 Wilshire Boulevard, Suite 300<br>Beverly Hills, CA 90212<br>Telephone: (310) 277-9945<br>Facsimile: (424) 277-3727<br>Email: anthony@counselonegroup.com<br>alexandria@counselonegroup.com<br>justin@counselonegroup.com | Attorneys for Plaintiff<br>SALVADOR CALDERA on behalf of himself and others similarly situated |

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery by Federal Express. Under that practice, such document was deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **(BY ELECTRONIC DELIVERY)** I served a true and correct copy of such document by electronic delivery to the email addresses listed above per the agreement of the parties pursuant to Federal Rule of Civil Procedure 5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2026 at Costa Mesa, California.

*/s/ Diana Gilkey*
Diana Gilkey

- 1 -
CERTIFICATE OF SERVICE