# EXHIBIT C

ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9465 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212
Telephone: (310) 277-9945
Facsimile:  (424) 277-3727

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/26/2026 3:13 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Cwikla, Deputy Clerk

Attorneys for Plaintiff SALVADOR CALDERA on behalf of himself and others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SALVADOR CALDERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAIRD SUPERFOOD, INC., and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.  26STCV02688<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Violation of California Business & Professions Code section 17200, *et seq.* (Unfair Competition Law)<br><br>(2) Violation of California Business & Professions Code section 17500, *et seq.* (False Advertising Law)<br><br>(3) Violation of California's Consumers Legal Remedies Act, California Civil Code section 1750, *et seq.*<br><br>(4) Intentional Misrepresentation<br><br>(5) Negligent Misrepresentation<br><br>(6) Breach of Contract<br><br>(7) Breach of Implied Covenant of Good Faith and Fair Dealing<br><br>(8) Breach of Express Warranty<br><br>(9) Unjust Enrichment<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff SALVADOR CALDERA (hereinafter, "Plaintiff"), on behalf of himself and all others similarly situated, complains of Defendant LAIRD SUPERFOOD, INC. ("Defendant") and DOES 1 through 10, (together, "Defendants") as follows:

## NATURE OF ACTION

1.   This class action arises from Defendant's mislabeling and false advertising of its protein bars, including but not limited to its Laird Protein Bars in all flavors, including but not limited to Double Chocolate Peanut Butter Protein Bar, Dark Chocolate Sea Salt Protein Bar, Lemon Almond Protein Bar, Chocolate Mint Protein Bar, Peanut Butter Protein Bar, Peanut Butter Chocolate Chip Protein Bar, and Picky Protein Bars in all flavors, including but not limited to Picky Peanut Chocolate Champ Protein Bar and Apple Cinnawin Protein Bar (hereinafter, "Misbranded Products").

2. As the country fights an obesity, diabetes, and heart disease epidemic, Americans are increasingly turning to protein as the macronutrient of choice because of its perceived ability to regulate blood sugar and increase satiety.  In fact, the overconsumption of carbohydrate is believed to be a primary cause leading to these conditions.

3. Defendant postures the Misbranded Products to appeal to this sentiment by calling these products "protein bars," thereby implying that protein is the predominant macronutrient in these bars. It is not.  Contrary to these representations, protein is not the predominant macronutrient in the Misbranded Products.  In reality, the Misbranded Products are sugar bars, consisting primarily of carbohydrate.  In fact, carbohydrate, and mainly sugar, is the predominant macronutrient in the Misbranded Products.   The labeling of Defendant's protein bars was intended to deceive and did deceive consumers, who purchased the Misbranded Products in reliance of Defendant's labeling representations.

4. Through the foregoing false and deceptive marketing, advertising, and labeling scheme, Defendant violated, and continues to violate, Business & Professions Code sections 17200, *et seq.*, and 17500, *et seq.*, and the Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq.*, and its conduct as alleged herein constitutes negligent or, alternatively, intentional misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing,

1

breach of express warranty, and unjust enrichment.

5. Plaintiff, individually and on behalf of all others similarly situated, seeks damages and restitution in the amount of the price premiums paid for the Misbranded Products, and injunctive relief to remedy the harm suffered as a result of Defendant's unlawful labeling practices.

## **PARTIES**

6. Throughout the relevant time period Defendant LAIRD SUPERFOOD, INC. has manufactured and sold the Misbranded Products throughout California.

7. Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and, on that ground, alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged and that Plaintiff's injuries and damages, as alleged, are proximately caused by those occurrences.

8. Plaintiff is informed and believes and on that ground alleges that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and on that ground alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, and that each knew or should have known about and authorized, ratified, adopted, approved, controlled, aided, and abetted the conduct of all defendants.

9. Venue as to Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395.5 because the obligations giving rise to liability occurred in part in the County of Los Angeles, State of California.

///

///

2

CLASS ACTION COMPLAINT

## FACTUAL BACKGROUND

10. Defendant manufactures and sells the Misbranded Products throughout California.

11. Defendant explicitly calls the Misbranded Products "protein bars."[1] The word "PROTEIN BAR" appears in giant, bolded letters front and center on the product label of its Laird Protein Bars.



Image 1: Laird's Mint Chocolate Protein Bar

12. Similarly, Defendant's Picky Bars are labeled as protein bars.[2] And like the Laird Bars, the word "protein" is printed in large block letters across the front label.

///

///

///

///

///

///

---

[1] See *https://lairdsuperfood.com/collections/snacks-food?page=1*
[2] *Ibid.*

3

CLASS ACTION COMPLAINT

Image 2: Picky Peanut Chocolate Champ Protein Bar

13. Based on these representations, the reasonable consumer reading the front label would think that he or she is consuming a product consisting primarily of protein and that protein is the most prevalent macronutrient in the bars.

14. In fact, the Misbranded Products are primarily composed of carbohydrate. For example, Defendant's Laird Chocolate Mint Protein Bar contains 22 grams of carbohydrate, including 8 grams of sugar. In contrast, it only contains 10 grams of protein, only 7.5 of which meets the FDA's protein digestibility-corrected amino acid score (*see* 21 C.F.R. § 101.9(c)(7)); in order words, the protein used in these protein bars has low-digestibility.

15. To put this in perspective, Defendant's Laird Chocolate Mint Protein Bar contains 88 calories from carbohydrate, 63 calories from fat, and only 30 calories. Hence, there is far more carbohydrate and fat than there is protein in these "protein bars." Indeed, Defendant's Laird Chocolate Mint Protein Bar contains more sugar alone than it does protein after accounting for digestibility. The Misbranded Products actually contain more carbohydrate than some candy bars.

4

CLASS ACTION COMPLAINT

They are really just sugar bars masquerading as protein bars.

16. In this way, Defendant also violates 21 C.F.R. section 101.3 of the regulations implementing the Food, Drug, and Cosmetics Act.  This provision requires that the front label of a product bear the statement of identity of the product.  As alleged, Defendant misbrands its product a "protein bar" when it is really a just a snack bar, sugar bar, or simply a candy bar.

17.  Defendant also violates 21 C.F.R. section 101.18(b), which states, "The labeling of a food which contains two or more ingredients may be misleading by reason (among other reasons) of the designation of such food in such labeling by a name which includes or suggests the name of one or more but not all such ingredients, even though the names of all such ingredients are stated elsewhere in the labeling."

18.  Defendant's labeling is misleading under 21 C.F.R. section 101.18(b) because Defendant labels its bars using the word "protein" in the names of its bars and, often, specifically calling out the ostensible protein source such as peanut butter when protein is not the most prevalent macronutrient in the bars and the identified ingredients are less predominant than the ingredients (e.g., tapioca syrup) that sweeten the bars in the form of added sugar.

19.  Defendant also violated 21 C.F.R. section 102.5(b), which states, "The common or usual name of a food shall include the percentage(s) of any characterizing ingredient(s) or component(s) when the proportion of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance or when the labeling or the appearance of the food may otherwise create an erroneous impression that such ingredient(s) or component(s) is present in an amount greater than is actually the case."

20. 21 C.F.R. § 102.5(b) requires Defendant to state the percentage of protein as the characterizing component on the front label next to the product name and identify sugar as the characterizing component given its prominence in the product, which Defendant does not do.  Had Defendant complied with applicable regulations, consumers would have immediately seen the percentage of protein relative to the entire product declared on the front label—and also recognized that sugar is a characterizing ingredient in the Misbranded Products.

21. Finally, Defendant misbrands its products by calling them protein bars when they are

5

CLASS ACTION COMPLAINT

really just dessert bars or cookies that are minimally, but inappropriately, fortified with protein.  The FDA forbids the fortification of such junk food.  21 C.F.R. § 104.20(a).[3]  In fact, the FDA warns that such fortification could result in deceptive or misleading claims for certain foods, ibid., which is precisely what happened with the Misbranded Products.

22. Plaintiff purchased the Misbranded Products in California within the last four years.  Relying on Defendant's product labels, Plaintiff purchased the Misbranded Products believing that protein was the predominant macronutrient.

23. The Misbranded Products have a higher price than other comparable products, and Plaintiff chose to pay the premium based on Defendant's misrepresentations.  If Plaintiff had known the true nature of the contents of the Misbranded Products, Plaintiff would not have paid a price premium for them.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure section 382 on behalf of the following class:

> All persons who purchased one or more of the Misbranded Products in California and made his or her purchase at any time within the longest applicable limitations period.

25. Members of the class, as described above, will be referred to as "class members."  Excluded from the class are (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors, (2) the judge to whom this case is assigned and the judge's staff and members of their immediate families, and (3) Plaintiff's counsel, its staff, and members of their immediate families.   Plaintiff reserves the right to amend the above class and to add subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

[3] *See also* "Questions and Answers on FDA's Fortification Policy Guidance for Industry," FDA, Nov. 2015, available at https://www.fda.gov/regulatory-information/search-fda-guidance-documents/guidance-industry-questions-and-answers-fdas-fortification-policy ("In the fortification policy, snack foods refer to foods that are not naturally nutrient dense; examples include cookies, candies, cakes, chips, and carbonated beverages (both sweetened and unsweetened). Fortification of these types of snack foods could mislead consumers to believe that substitution of naturally nutrient dense foods with fortified snack foods would ensure a nutritionally adequate diet. [¶] Moreover, the fortification of such snack foods would disrupt public understanding about the nutritional value of individual foods and thereby promote confusion among consumers, making it more difficult for them to construct diets that are nutritionally adequate.")

6

26. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the class is easily ascertainable.

**A.     Numerosity**

27. Although the precise number of class members has not been determined at this time, Plaintiff is informed and believes that the class members are so numerous that joinder is impracticable and that the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**B.     Common Questions Predominate**

28. There are questions of law and fact common to the class that predominate over any questions affecting only individual putative class members.  Thus, proof of a common set of facts will establish the right of each class member to recovery.  These common questions of law and fact include but are not limited to:

    a.    Whether Defendant violated section 1770(a)(5) of the CLRA by representing that the Misbranded Products have characteristics, ingredients, uses, benefits, or quantities that they do not have;

    b.    Whether Defendant violated section 1770(a)(7) of the CLRA by representing that the Misbranded Products are of a particular standard, quality, or grade, or that goods are of a particular style or model when they are of another;

    c.    Whether Defendant violated section 1770(a)(9) of the CLRA by advertising the Misbranded Products with intent not to sell them as advertised;

    d.    Whether Defendant violated the UCL by falsely representing the predominance of protein in the Misbranded Products;

    e.    Whether Defendant violated the FAL by falsely advertising the Misbranded Products to overstate the predominance of protein in the Misbranded Products;

    f.    Whether Defendant intentionally or, alternatively, negligently represented the predominance of protein in the Misbranded Products;

    g.    Whether Defendant breached its contracts with consumers;

7

CLASS ACTION COMPLAINT

      h.     Whether Defendant breach its express warranties made to consumers; and

      i.     Whether Defendant's conduct in falsely representing the predominance of protein in the Misbranded Products constitutes unjust enrichment.

**C.    Typicality**

29. Plaintiff's claims are typical of the claims of the putative class members because Plaintiff purchased the Misbranded Products throughout the class period based on Defendant's labeling representations, as alleged above. In this way, Plaintiff and each class member sustained similar injuries arising out of Defendant's conduct in violation of law. The injuries of each class member were caused directly by Defendant's wrongful conduct. In addition, the factual underpinning of Defendant's misconduct is common to all putative class members and represents a common thread of misconduct resulting in injury to all class members. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members and are based on the same legal theories.

**D.    Adequacy**

30. Plaintiff will fairly and adequately represent and protect the interests of the class. Counsel who represents Plaintiff and putative class members are experienced and competent in litigating class actions.

**E.    Superiority of Class Action**

31. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of putative class members is not practicable, and questions of law and fact common to putative class members predominate over any questions affecting only individual putative class members. Each putative class member has been damaged and is entitled to recovery as a result of the violations alleged herein. Moreover, because the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties

8

CLASS ACTION COMPLAINT

and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

### FIRST CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW,

### BUS. & PROF. CODE § 17200, *et seq.* (THE "UCL")

32. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

33. California's Unfair Competition Law ("UCL"), California Business & Professions Code sections 17200 *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition.

34. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal Bus. & Prof. Code § 17200.

35. A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

36. Defendant violates the unfair prong of the UCL by falsely representing the Misbranded Products as alleged above.

37. These acts and practices are unfair because they are likely to cause consumers to falsely believe that the Misbranded Products are high protein and contain a greater amount of protein than they actually do. This perception has induced customers, including Plaintiff, to pay a price premium for the Misbranded Products. The decision to buy the Misbranded Products at a premium based on these misrepresentations has significant impact on consumers' diets, health, and lifestyle preferences, as it may cause consumers to overconsume carbohydrate or consume too little protein. It is inherently unfair to deprive individuals of their freedom of choice about what to put into their bodies by misrepresenting a product in the manner described herein.

CLASS ACTION COMPLAINT

38. The gravity of the harm to members of the putative class resulting from these unfair acts and practices outweighs any conceivable reasons, justifications, and/or motives of Defendant in such deceptive acts and practices. Through its unfair acts and practices, Defendant improperly obtained, and continues to obtain, money from Plaintiff and the putative class while failing to provide the promised product. Plaintiff requests that Defendant restore this money to Plaintiff and all class members and cease violating the UCL. Without such relief, Plaintiff and the putative class will be irreparably harmed.

39. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

40. Defendant's conduct is "fraudulent" within the meaning of the UCL because it has deceived Plaintiff and the general public into believing that they are purchasing a food consisting predominantly of protein when in fact it is mostly carbohydrate and sugar, as alleged above.

41. In deciding to purchase the Misbranded Products at a premium price, Plaintiff relied on Defendant's misleading and deceptive representations on the front label.

42. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law. A business act or practice is "unlawful" under the UCL if it violates any other law.

43. Defendant violates the unlawful prong of the UCL by violating 21 C.F.R. §§ 101.3 (requiring the principal display panel to bear as one of its principal features a statement of identity of the commodity), 101.18(b) (stating that a product's labeling may be misleading when the name given to the food inappropriately includes or suggests the name of one or more of the ingredients), 21 C.F.R. § 104.20 (prohibiting fortification of certain foods), 21 C.F.R. section 102.5(b) (requiring common or usual name of food to include percentage of characterizing ingredients), CLRA, Cal. Civ. Code § 1770(a)(5), (7), and (9) and the FAL, Cal. Bus. & Prof. Code § 17500, *et seq.*, as alleged hereinbelow.

44. As a result of the foregoing conduct, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and the putative class. Defendant has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false,

10

CLASS ACTION COMPLAINT

misleading, and deceptive conduct.

45. Through its unfair, fraudulent, and unlawful acts and practices, Defendant has improperly obtained money from Plaintiff and the putative class.  Pursuant to California Business & Professions Code § 17203, Plaintiff seeks equitable relief, including money unlawfully obtained from Plaintiff and the putative class and injunctive relief, including public injunctive relief, as described in the Prayer below, prohibiting Defendant from continuing to engage in the unfair and unlawful conduct described above.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW,

## BUS. & PROF. CODE § 17500, *et seq.* (THE "FAL")

46. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

47. The California False Advertising Law prohibits unfair, deceptive, untrue, or misleading advertising including, but not limited to false statements as to the quality or contents of products sold to consumers.

48. As alleged above, Defendant's labels are false and misleading because they claim that they are protein bars, thus implying that protein is the most prevalent macronutrient when it is not.

49. Defendant's practice is unfair, deceptive, and misleading to consumers, who think they are getting a different product from what they actually receive.

50. Through its unfair, deceptive, and misleading acts and practices, Defendant has improperly obtained money from Plaintiff and the putative class in the form of price premiums paid for the Misbranded Products.  Plaintiff respectfully requests that the Court restore these funds to Plaintiff and the putative class and enjoin Defendant's continuing violations of the FAL to prevent further irreparable harm to consumers.

///

///

///

11

CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT,

### CAL. CIVIL CODE SECTION 1750, *et seq.* (THE "CLRA")

51. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

52. This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq.* (the "CLRA").

53. Plaintiff and each member of the putative class are "consumers" within the meaning of Civil Code section 1761(d).

54. Defendant's sale of the Misbranded Products constitutes "transactions" within the meaning of Civil Code section 1761(e).

55. The Misbranded Products purchased by Plaintiff and the putative class are "goods" within the meaning of Civil Code section 1761(a).

56. Defendant has engaged in unfair methods of competition and unfair and/or deceptive acts or practices against Plaintiff and the putative class in violation of the CLRA by falsely representing the Misbranded Products as alleged above.

57. Defendant's misrepresentations violate Civil Code sections 1770(a)(5) ("[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have"), 1770(a)(7) (prohibiting "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"), and 1770(a)(9) (prohibiting "[a]dvertising goods or services with intent not to sell them as advertised").

58. As a result of these acts and practices, Plaintiff and the putative class were injured in that Defendant's unlawful and misleading acts and practices caused Plaintiff and putative class members to pay a premium for the Misbranded Products, as alleged above.

59. Pursuant to California Civil Code section 1780(a)(2), Plaintiff, on behalf of himself and the putative class, requests that this Court issue an injunction, including a public injunction, as

12

CLASS ACTION COMPLAINT

described in the Prayer, prohibiting Defendant from engaging in the unlawful and deceptive methods, acts, and practices alleged above.

60. Pursuant to Civil Code section 1782, on March 19, 2025, a letter was sent to Defendant, by certified mail, which outlined the foregoing violations of the CLRA and requested that Defendant remedy these violations as to the class, of which Plaintiff is a member.  Plaintiff, on his own behalf and as representative of the class, sent Defendant another letter on January 20, 2026, again outlining the foregoing violations of the CLRA and requesting that Defendant remedy these violations as to the class.  Defendant did not agree to correct, repair, replace, or otherwise rectify the violations alleged herein within thirty (30) calendar days after Defendant's receipt of the March 19, 2025 letter; thus Plaintiff seeks damages for the amount of the price premiums paid for the Misbranded Products, including actual and statutory damages, pursuant to Civil Code section 1782(d).

**FOURTH CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

61. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

62. Defendant has intentionally made material misrepresentations of fact concerning the Misbranded Products.  In particular, Defendant represented that protein was the primary macronutrient in the Misbranded Products when it is not.

63. Defendant knew that the intentional misrepresentations alleged herein were false at the time Defendant made them.

64. Defendant intended that Plaintiff and members of the putative class should rely on the false representations and purchase Defendant's items.

65. Defendant's false representations regarding the composition of its food products are objectively material to reasonable consumers, and therefore reliance upon such representations may be presumed as a matter of law.

66. Plaintiff and members of the putative class reasonably relied to their detriment on Defendant's intentional misrepresentations.

13

CLASS ACTION COMPLAINT

67. Defendant's intentional misrepresentations were a substantial factor in causing Plaintiff and members of the putative class to purchase items from Defendant and to suffer damages.

68. Defendant has acted with malice by engaging in conduct that was and is intended by Defendant to cause injury to the Plaintiff and the members of the putative class.

69. Defendant has committed fraud through its intentional misrepresentations, deceit, and/or concealment of material facts known to Defendant with the intent to cause injury to the purchasers of its items.

70. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the putative class suffered an ascertainable loss in the form of price premiums they paid for the Misbranded Products, and are entitled to relief and compensatory damages, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

71. Plaintiff hereby incorporates by reference the allegations contained in this Complaint. Plaintiff pleads this cause of action in the alternative to the foregoing cause of action.

72. Defendant has made material misrepresentations of fact concerning the Misbranded Products. In particular, Defendant represented that protein was the primary macronutrient in its protein bars when it was not.

73. Defendant had no reasonable grounds for believing that its misrepresentations were true.

74. Defendant either knew or should have known that Plaintiff and members of the putative class would rely on the false representations and purchase the Misbranded Products.

75. Defendant's false representations regarding the Misbranded Products were objectively material to reasonable consumers, and therefore reliance upon such representations may be presumed as a matter of law.

76. Plaintiff and members of the putative class reasonably relied to their detriment on Defendant's false representations, which caused them to purchase items from Defendant at a price premium.

14

CLASS ACTION COMPLAINT

77. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the putative class have been damaged in the amount of the price premiums they paid for the Misbranded Products.

## SIXTH CAUSE OF ACTION

### BREACH OF WRITTEN CONTRACT

78. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

79. Plaintiff and each member of the putative class alleged herein entered into contracts with Defendant wherein Defendant promised to provide a protein bar the predominant macronutrient of which is protein.

80. Defendant breached these contracts because protein is not the predominant macronutrient in the Misbranded Products; rather, carbohydrate is.

81. As a direct and proximate result of Defendant's breach, Plaintiff and each member of the putative class suffered damages in the form of price premiums paid for the Misbranded Products, in an amount in excess of the jurisdictional limits of this Court to be proven at the time of trial.

## SEVENTH CAUSE OF ACTION

### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

82. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

83. Plaintiff and putative class members entered into contracts with Defendant, as alleged hereinabove.  Implied in these contracts was a covenant of good faith and fair dealing by each party agreeing not to do anything that would deprive the other parties of the benefits of the contracts.

84. Plaintiff and putative class members have performed all conditions, covenants, and promises required of them under the contracts.

85. Defendant breached the implied covenant of good faith and fair dealing by failing to provide the purchased products as promised to Plaintiff and putative class members, and in doing

15

CLASS ACTION COMPLAINT

so did not act fairly and in good faith.

86. As a direct and proximate cause of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and putative class members have been damaged in the form of price premiums paid for the Misbranded Products, as alleged above, in an amount in excess of the jurisdictional limits of this Court to be proven at the time of trial.

## EIGHTH CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTY

87. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

88. By advertising and selling the Misbranded Products at issue, Defendant made promises and affirmations of fact on the products' packaging and labeling, as described herein. This labeling and advertising constitute express warranties and became part of the basis of the bargain between Plaintiff and members of the class, and Defendant.

89. Defendant, through its advertising and labeling, created express warranties that the Misbranded Products comport with the representations identified hereinabove. Specifically, Defendants created express warranties that the Misbranded Products are protein bars the predominant macronutrient of which is protein.

90. The express warranties appeared on all Misbranded Product labels and specifically relate to the goods being sold.

91. Despite Defendant's express warranties about the nature of the Misbranded Products, the Misbranded Products did not comply with the foregoing representations. Thus, the Misbranded Products were not what Defendant represented them to be.

92. Accordingly, Defendant breached express warranties about the Misbranded Products because the Misbranded Products did not conform to Defendant's affirmations and promises.

93. Defendant was provided with pre-suit notice of the breach of warranty, including by letter dated March 19, 2025. Plaintiff has sent Defendant, on his own behalf and that of the putative class, another letter notifying Defendant of the breach of warranty, dated January 20, 2026.

94. As a direct and proximate result of Defendant's breach of express warranty, Plaintiff

16

CLASS ACTION COMPLAINT

and members of the class were harmed in the amount of the price premium they paid for the Products. Further, Plaintiff and members of the proposed class have suffered and continue to suffer economic losses and other general and specific damages including, but not limited to, the amount of price premiums paid for the Misbranded Products, and any interest that would have accrued on those monies, in an amount to be proven at trial.

### NINTH CAUSE OF ACTION

### UNJUST ENRICHMENT

95. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

96. An individual is required to make restitution if he or she is unjustly enriched at the expense of another.

97. A person is enriched if the person receives a benefit at another's expense.

98. The person receiving the benefit is required to make restitution where the circumstances are such that, as between the two individuals, it is unjust for the person to retain it.

99. Defendant's conduct in enticing Plaintiff and putative class members to purchase the Misbranded Products at a price premium through its false and misleading advertising and packaging as described throughout this Complaint is unlawful because the statements contained on Defendant's product labels are untrue, deceptive, or misleading.

100. Defendant took monies from Plaintiff and members of the putative class based on false representations about the ingredients in its protein bars.

101. Defendant has been unjustly enriched at the expense of Plaintiff and the putative class as result of Defendant's unlawful conduct alleged herein, thereby creating a quasi-contractual obligation on Defendant to restore these ill-gotten gains to Plaintiff and putative class members.

102. Defendant received a benefit, i.e., revenue and profits from the sale of the Misbranded Products in the form of the price premium paid therefor, at the expense of Plaintiff and the class because Defendant obtained a premium price for such products using false, deceptive, or misleading representations, as alleged hereinabove.

103. It is unjust for Defendant to retain the money it received from Plaintiff and putative

17

CLASS ACTION COMPLAINT

class members because Defendant gained that money by deceiving Plaintiff and the class into believing they would receive a different product from the one they actually received.

104. Plaintiff and the class are therefore entitled to restitution of the price premiums they paid to Defendant for their purchases by which Defendant has been unjustly retained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the putative class, prays as follows:

A.    For an order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed the class representative, and that Plaintiff's counsel be appointed counsel for the class;

B.    For restitution in the amount of the premium that Plaintiff and putative class members paid for the Misbranded Products as a result of the misrepresentations, as alleged above;

C.    For an injunction and/or public injunction prohibiting Defendant, in all future advertisements and after Defendant's currently paid-for advertising campaigns are complete and after the complete exhaustion of its existing labeling inventory, from advertising the Misbranded Products as being "protein bars" or referencing protein in the product name or description without the required disclosures, as alleged above;

D.    For a declaration that Defendant's practices violate the UCL, FAL, and CLRA; constitute intentional or, in the alternative, negligent misrepresentation; constitute breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of express warranty; and constitute unjust enrichment;

E.    For an award of actual and compensatory damages according to proof against Defendant;

F.    For an order awarding reasonable attorneys' fees and the costs of suit herein, including an award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5 and California Civil Code section 1780(e);

G.    For an award of pre- and post-judgment interest; and

H.    For such other and further relief as may be deemed necessary or appropriate.

18

CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED:        January 26, 2026              COUNSELONE, PC

                                            By _____
                                               Anthony J. Orshansky
                                               Alexandria R. Kachadoorian
                                               Justin Kachadoorian

                                               *Attorneys for Plaintiff Salvador Caldera and the Putative Class*

19

CLASS ACTION COMPLAINT