Anthony J. Orshansky, Cal. Bar No. 199364
anthony@counselonegroup.com
Justin Kachadoorian, Cal. Bar No. 260356
justin@counselonegroup.com
A. Kachadoorian, Cal. Bar. No. 240601
alexandria@counselonegroup.com
COUNSELONE, PC
9465 Wilshire Blvd., Suite 300
Beverly Hills, California 90212
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiff SALVADOR CALDERA,
on behalf of himself and others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALVADOR CALDERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAIRD SUPERFOOD, INC., and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01955-MCS-PVC<br><br>[Assigned to the Honorable Mark C. Scarsi]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>Hearing:</u><br>Date:  May 4, 2026<br>Time: 9:00 a.m.<br>Ctrm.: 7C |

TO THE COURT, DEFENDANT, AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 4, 2026, at 9:00 a.m., or as soon thereafter as this matter may be heard before the Honorable Mark C. Scarsi in Courtroom 7C, 7th Floor of the above-entitled court located at First Street U.S. Courthouse, Los Angeles, 350 W 1st Street, Suite 4311, Los Angeles, CA 90012-4565, Plaintiff Salvador Caldera will and hereby does move this Court for an order remanding this action to the Superior Court of California, County of Los Angeles, pursuant to 28 U.S.C. § 1447(c).

This Motion is made on the grounds that Defendant Laird Superfood, Inc. ("Laird" or "Defendant") removed this action under 28 U.S.C. § 1332(a) but has failed to demonstrate that the amount in controversy exceeds $75,000 as to Plaintiff. Plaintiff also lacks Article III standing to seek injunctive relief in federal court because the complaint does not allege any threat of future harm. The Court also lacks equitable jurisdiction over Plaintiff's equitable claims. Last, the Court should abstain from exercising jurisdiction over this action.

This Motion is based upon the Memorandum of Points and Authorities below, the Declaration of Justin Kachadoorian filed herewith, all pleadings and papers on file, any oral argument, and such other matters as the Court may properly consider.

DATED: March 26, 2026                Respectfully submitted,


                                                COUNSELONE, PC
                                        By: /s/ Justin Kachadoorian
                                            Anthony J. Orshansky
                                            Alexandria R. Kachadoorian
                                            Justin Kachadoorian

                                        *Attorneys for Plaintiff Salvador Caldera*

ii

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ............................................................................................... 2

III. LEGAL STANDARD ..................................................................................... 3

IV. ARGUMENT .................................................................................................. 4

    A. Under 28 U.S.C. § 1332(a), Defendant Cannot Aggregate Class Members' Claims to Satisfy the Amount in Controversy. ................................................ 4

    B. Defendant Fails to Establish That Plaintiff's Individual Monetary Recovery Exceeds $75,000. .......................................................................................... 5

    C. Plaintiff Lacks Article III Standing to Seek Injunctive Relief. ......................... 6

    D. In Any Event, Defendant Fails to Establish That the Value of Injunctive Relief to Plaintiff Individually Exceeds $75,000. ....................................................... 7

    F. Plaintiff's Claims for Public Injunctive Relief Reinforce the Case for Remand. ......................................................................................................... 8

    G. The Court Lacks Equitable Jurisdiction over Plaintiff's Claims for Equitable Relief. ............................................................................................ 9

    H. Abstention Provides a Further Independent Basis for Remand. .................... 10

V. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES ............................... 10

VI. CONCLUSION .............................................................................................. 11

PLAINTIFF'S MOTION TO REMAND
Case No. 2:26-cv-01955-MCS-PVC

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676 (9th Cir. 2006)..........................3

*ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality,* 213 F.3d 1108 (9th Cir. 2000) .........................................3

*Aseltine v. Panera, LLC,* 2021 WL 8267421 (N.D. Cal. Dec. 13, 2021)....................8

*Chancy v. Fossil Group, Inc.,* 2025 WL 3251577, (S.D. Cal. Nov. 21, 2025) ...........7

*Davidson v. Kimberly-Clark Corp.,* 889 F.3d 956 (9th Cir. 2018) .........................1, 6

*Doe v. Aetna, Inc.,* 2018 WL 1614392 (N.D. Cal. 2018)........................................7-9

*Dollaga v. Specialized Loan Servicing,* 2020 WL 7319355
(N.D. Cal. Dec. 11, 2020)........................................................................................3

*Doody v. Richman Property Services, Inc.,* 2025 WL 1082853
(S.D. Cal. Apr. 10, 2025)........................................................................................8

*Enriquez v. Sirius XM Radio, Inc.,* 2022 WL 4664144
(E.D. Cal. Sept. 30, 2022) ......................................................................................7

*Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785 (9th Cir. 2018) ............3

*Garcia v. Henkel Corporation,* 2025 WL 1591600 (C.D. Cal. June 4, 2025)............8

*Hernandez v. Specialized Loan Servicing, LLC,* (N.D. Cal. 2023)............................4

*Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193 (9th Cir. 2015) ...................3, 5

*In re Ford Motor Co./Citibank (South Dakota), N.A.,*
264 F.3d 952 (9th Cir. 2001)................................................................................4, 8

*Jaimes v. American First Finance LLC,* 2023 WL 6783774
(N.D. Cal. Oct. 12, 2023) .......................................................................................8

*Kanter v. Warner-Lambert Co.,* 265 F.3d 853 (9th Cir. 2001) ..................................4

*Lindsey v. Driveline Retail Merchandise, LLC,* 586 F. Supp. 3d 985
(E.D. Cal. 2022)......................................................................................................3

*Linton v. Axcess Financial Services, Inc.,* 2023 WL 4297568
(N.D. Cal. June 30, 2023)........................................................................................7

PLAINTIFF'S MOTION TO REMAND
Case No. 2:26-cv-01955-MCS-PVC

*Liou v. Organifi, LLC,* 491 F. Supp. 3d 740 (S.D. Cal. 2020) ..................................7

*Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992) ..................................................6

*Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005) ...........................................11

*McCausland v. PepsiCo, Inc.,* 2024 WL 3834389 (N.D. Cal. Aug. 14, 2024)...........7

*Pagel v. Dairy Farmers of America, Inc.,* 986 F. Supp. 2d 1151 (C.D. Cal. 2013)....4

*Pasoon v. Careerist, Inc.,* No. 24-cv-09688 (N.D. Cal. 2025)....................................3

*Perez v. Charter Communications, LLC,* 2026 WL 266452
    (N.D. Cal. Feb. 2, 2026) ...........................................................................................9

*Perez v. GoMacro, LLC,* 2026 WL 710234 (N.D. Cal. Mar. 13, 2026) .................5, 6

*Polo v. Innoventions International, LLC,* 833 F.3d 1193 (9th Cir. 2016)...................6

*Scheibe v. Esupplements, LLC,* 681 F. Supp. 3d 1101 (S.D. Cal. 2023)....................7

*Snow v. Ford Motor Co.,* 561 F.2d 787 (9th Cir. 1977).........................................4, 8

*Snyder v. Harris,* 394 U.S. 332 (1969).............................................................. 1, 4, 11

*Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020)....................2, 9, 10

*Trump v. CASA, Inc.,* 606 U.S. 831 (2025) ..............................................................2, 9

*Turnier v. Bed Bath & Beyond Inc.,* 2021 WL 3022430 (S.D. Cal. July 16, 2021)....7

*Urbino v. Orkin Services of California, Inc.,* 726 F.3d 1118 (9th Cir. 2013)... 1, 4, 11

*Vasserman v. Henry Mayo Newhall Memorial Hospital,* 65 F. Supp. 3d 932
    (C.D. Cal. 2014) ........................................................................................................6

*Velasquez v. Luxottica of America, Inc.,* 2025 WL 562881
    (C.D. Cal. Feb. 19, 2025) .......................................................................................10

**Statutes**

28 U.S.C. § 1332(a) .............................................................................1, 3-5, 7, 8, 11

28 U.S.C. § 1447(c) ...............................................................................................10

PLAINTIFF'S MOTION TO REMAND
Case No. 2:26-cv-01955-MCS-PVC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Without even attempting to estimate the amount in controversy, Defendant Laird Superfoods, Inc. ("Defendant") has removed this action from Los Angeles County Superior Court.  Defendant's removal papers are defective, and this Court lacks subject matter jurisdiction over the claims asserted by Plaintiff Salvador Caldera ("Plaintiff").  As the removing party, Defendant bears the burden of establishing federal jurisdiction.  Defendant has failed to do so.  Accordingly, the Court should remand this action to state superior court.

First, Defendant removed this class action invoking only general diversity jurisdiction under 28 U.S.C. § 1332(a).  *See* Notice of Removal ("NOR") ¶ 9.  Under that statute, the amount in controversy must exceed $75,000 as to the named plaintiff individually—class members' claims may not be aggregated.  *Snyder v. Harris,* 394 U.S. 332, 335-36 (1969); *Urbino v. Orkin Servs. of California, Inc.,* 726 F.3d 1118, 1121 (9th Cir. 2013).  However, Defendant fails to present any evidence of the amount of Plaintiff's individual compensatory damages and restitution, let alone an amount that exceeds $75,000.  Plaintiff seeks restitution only of the "price premium" he paid for the Misbranded Products—the difference between what he paid and what a truthfully labeled product would have cost. Compl. ¶¶ 5, 23, Prayer ¶ B.  For a handful of snack bars at a few dollars each, that premium this amount would be miniscule—a mere fraction of $75,000.

Second, the Court lacks jurisdiction over Plaintiff's claims for injunctive relief. Plaintiff does not have standing under Article III to pursue injunctive relief in federal court because Plaintiff has already been injured by the alleged misconduct and is aware of it.  *Davidson v. Kimberly-Clark Corp.,* 889 F.3d 956, 967 (9th Cir. 2018). Furthermore, even if Plaintiff had standing, the cost of compliance with the injunction also cannot be aggregated across all consumers, and Defendant cannot show that Plaintiff's *pro rata* share exceeds $75,000.  Finally, Defendant has not adduced

-1-

PLAINTIFF'S MOTION TO REMAND
Case No. 2:26-cv-01955-MCS-PVC

evidence showing what the cost of compliance would be, even on a classwide basis. The fact is, Defendant would not incur any meaningful cost to change its labeling and advertising because the injunctive relief Plaintiff's seeks is limited to "future advertisements and after Defendant's currently paid-for advertising campaigns are complete and after the complete exhaustion of its existing labeling inventory." (Compl., Prayer ¶ D.)

Third, this Court lacks equitable jurisdiction to decide Plaintiff's equitable claims.  To the extent Plaintiff seeks equitable relief as public injunctive relief, the Court cannot award injunctive relief to non-parties on non-class claims, as the Supreme Court made clear in *Trump v. CASA, Inc*., 606 U.S. 831, 842 (2025).  An action for public injunctive relief is a non-class case that primarily seeks relief for parties not before the Court.  Moreover, Plaintiff has not alleged that he lacks an adequate remedy at law, a prerequisite for the Court to exercise equitable jurisdiction. *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020).

Finally, because Defendant has removed this action without a sufficient legal and factual basis and has neglected to adduce any evidence, via declaration, documentation, or otherwise, this Court should award Plaintiff attorneys' fees incurred in presenting this Motion.

Accordingly, Plaintiff respectfully requests that this Court remand the case to the Superior Court for the County of Los Angeles.

## II.  BACKGROUND

Plaintiff filed this putative class action in Los Angeles County Superior Court on January 26, 2026.  The complaint alleges that Defendant falsely markets the subject products as "protein bars" when those products are primarily composed of carbohydrate and sugar.  Compl. ¶¶ 1-3, 14-15.  Plaintiff brings claims under California's Unfair Competition Law (UCL), False Advertising Law (FAL), Consumers Legal Remedies Act (CLRA), and related common law theories.  Id. ¶¶ 32-104.

The complaint expressly limits the relief sought.  Plaintiff seeks:  (a) damages and restitution "in the amount of the premium" paid for the Misbranded Products above what he would have paid for a truthfully labeled product (Compl. ¶¶ 23, 60, 70, 81, Prayer ¶ B); and (b) prospective injunctive relief requiring Defendant to stop advertising its bars as "protein bars" without required disclosures—and then only after Defendant's existing advertising campaigns are complete and its current inventory is exhausted (Compl., Prayer ¶ C).  Plaintiff does not seek full-price restitution, damages, rescission, or a recall.

Defendant removed the case to this Court on February 24, 2026, invoking only 28 U.S.C. § 1332(a).  NOR ¶ 9.  To support the amount in controversy, Defendant's CEO Jason Vieth submitted a declaration projecting that compliance with the requested injunction would surpass $75,000—based on the costs of revising packaging, advertising, and inventory nationwide—without attributing any specific amount to Plaintiff individually.  Vieth Decl. ¶¶ 6-7.

## III.  LEGAL STANDARD

A defendant seeking removal bears the burden to establish federal subject matter jurisdiction by a preponderance of the evidence.  *Abrego Abrego v. Dow Chemical Co.,* 443 F.3d 676, 683 (9th Cir. 2006); *Fritsch,* 899 F.3d at 793.  "[C]onclusory allegations as to the amount in controversy are insufficient." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015).  "A defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* The defendant must adduce "actual evidence" supporting its amount-in-controversy calculations.  *Fritsch,* 899 F.3d at 793.

The Court's jurisdiction is measured by the grounds in the notice of removal. "[A] defendant cannot present new grounds for removal for the first time in opposition to a motion for remand." *Lindsey v. Driveline Retail Merchandise, LLC,* 586 F. Supp. 3d 985, 992 n. 4 (E.D. Cal. 2022); *accord ARCO Envt'l. Remediation,* 213 F.3d at 1117; *Pasoon v. Careerist, Inc.,* No. 24-cv-09688 (N.D. Cal. 2025); *Dollaga v.*

*Specialized Loan Servicing,* No. 20-cv-07319, 2020 WL 7319355, at *3 (N.D. Cal. Dec. 11, 2020); *Hernandez v. Specialized Loan Servicing, LLC* (N.D. Cal. 2023). Laird removed under § 1332(a).

**IV.  ARGUMENT**

**A.  Under 28 U.S.C. § 1332(a), Defendant Cannot Aggregate Class Members' Claims to Satisfy the Amount in Controversy.**

The threshold defect in Laird's removal is structural.  Under § 1332(a), the named plaintiff's claim must exceed $75,000 individually.  The Supreme Court held in *Snyder v. Harris* that "separate and distinct claims presented by and for various claimants in a class action may not be added together to provide the requisite . . . jurisdictional amount in controversy."  394 U.S. at 332-333.  The Ninth Circuit has applied and extended *Snyder* in representative actions generally.  *Urbino,* 726 F.3d at 1121-1122 (anti-aggregation rule applies to representative PAGA claims).  And in *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977), the Ninth Circuit confirmed the principle applies equally to claims for injunctive relief.  *See also  In Re Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001) (anti-aggregation rule applies to class actions under general diversity statute); *Pagel v. Dairy Farmers of America, Inc.*, 986 F.Supp.2d 1151, 1159 (C.D. Cal. 2013) ("The anti-aggregation rule continues to apply to diversity class actions, where jurisdiction is founded on 28 U.S.C. § 1332(a).").

The principle applies with full force here.  Each putative class member holds a separate claim for the price premium he or she individually paid—not a "common and undivided interest" that could support aggregation.  *See Urbino,* 726 F.3d at 1122. Plaintiff's right to damages or restitution does not derive from or depend upon the rights of any other class member.

The same logic defeats Defendant's attempt to aggregate injunctive compliance costs across the class.  *Snow v. Ford Motor* and *Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001) confirmed that the anti-aggregation rule applies to injunctive

-4-

claims under § 1332(a).  561 F.2d at 789.  *See also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 859 (9th Cir. 2001) (non-aggregation rule applies to injunctive-relief claims involving advertising of allegedly ineffective prescription drug).

Defendant's Notice of Removal does not attempt to calculate the amount in controversy on a per-plaintiff basis.  Every figure Defendant invokes—the cost of revising advertising nationwide, relabeling existing inventory, compliance changes spanning "years" of operations—reflects an aggregate, classwide analysis.  NOR ¶¶ 18-20; Vieth Decl. ¶¶ 6-7.  Under § 1332(a), that approach is foreclosed as a matter of law.

**B. Defendant Fails to Establish That Plaintiff's Individual Monetary Recovery Exceeds $75,000.**

Even setting aside the aggregation bar, Defendant presents no evidence of the amount of Plaintiff's individual monetary claim.

The Complaint is explicit:  Plaintiff seeks recovery only of "the premium" he paid for the Misbranded Products above what he would have paid for a comparable, truthfully labeled snack.  Compl. ¶ 23, Prayer ¶ B.  Both Restitution and damages are measured by the price premium attributable to the "protein bar" misrepresentation—not the full purchase price.  *See Perez v. GoMacro, LLC*, No. 25-CV-09890-PCP, 2026 WL 710234, at *3 (N.D. Cal. Mar. 13, 2026) (remanding similar protein-bar class action where removing defendant failed to establish a plausible price-premium percentage).  Applied to Plaintiff's individual purchases of a product retailing for a few dollars each, this premium yields an amount far below $75,000.

Defendant provides no evidence of any price premium percentage.  The Vieth Declaration says nothing about what premium, if any, is attributable to the "protein bar" labeling—let alone what Plaintiff individually paid or what portion constitutes a premium. *See* Vieth Decl. ¶¶ 1-8. Without evidence sufficient to establish a plausible, non-speculative premium percentage, Defendant cannot show Plaintiff's restitution claim comes anywhere near $75,000.  *See Ibarra,* 775 F.3d at 1197-98 (removing

party must ground its assumptions in actual evidence, not speculation); *GoMacro,* 2026 WL 710234, at \*3 (defendant's failure to offer any basis for assumed premium percentage rendered amount-in-controversy allegation implausible).  Defendant is in possession of its own sales data and could have provided such evidence.  Its failure to do so is fatal to jurisdiction.  *See Vasserman v. Henry Mayo Newhall Mem'l Hosp.,* 65 F. Supp. 3d 932, 983 (C.D. Cal. 2014).

## C.  Plaintiff Lacks Article III Standing to Seek Injunctive Relief.

As a threshold matter, this Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive relief because Plaintiff does not allege an actual and imminent threat of future harm—a prerequisite for Article III standing.  "[A] removed case in which the plaintiff lacks Article III standing must be remanded to state court." *Polo v. Innoventions International, LLC,* 833 F.3d 1193, 1196 (9th Cir. 2016).

To establish Article III standing for injunctive relief, Plaintiff must show "a sufficient likelihood that he will again be wronged in a similar way." *Davidson v. Kimberly-Clark Corp.,* 889 F.3d 956, 967 (9th Cir. 2018) (citation omitted).  Past wrongs alone are insufficient.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).  The plaintiff must allege either that he "will definitely be exposed to the misleading advertising again" or that he "would like to purchase the product again but may refrain from doing so because he is uncertain whether the product's advertising is still false." *Davidson,* 889 F.3d at 970-71.

The Complaint does neither.  Plaintiff does not allege that he intends to purchase any Laird product in the future, that he has been deterred from doing so, or that he faces any ongoing risk of being misled.  Having purchased the Misbranded Products and now knowing that they are primarily composed of carbohydrate and sugar—not protein—Plaintiff is not at risk of future deception.  As alleged, Plaintiff is now aware of the mislabeling of the Misbranded Products as protein bars and will not again be misled into purchasing them.  Because the injury is not ongoing and is

///

PLAINTIFF'S MOTION TO REMAND
Case No. 2:26-cv-01955-MCS-PVC

not capable of repetition as to Plaintiff, the complaint's prayer for injunctive relief does not give rise to Article III standing in federal court.

Courts in the Ninth Circuit have consistently remanded consumer false-advertising cases on exactly this basis. *See, e.g., McCausland v. PepsiCo, Inc.,* 2024 WL 3834389, at *9-10 (N.D. Cal. Aug. 14, 2024) (no standing where plaintiff was now aware of alleged deception and could avoid future injury); *Chancy v. Fossil Group, Inc.,* No. 25-CV-1566-AJB-DEB, 2025 WL 3251577, at *9 (S.D. Cal. Nov. 21, 2025) (dismissing injunctive claims for lack of Article III standing where plaintiffs omitted allegation of future threat of actual and imminent injury); *Liou v. Organifi, LLC,* 491 F. Supp. 3d 740, 753 (S.D. Cal. 2020) (no standing where plaintiff did not allege intent to purchase product again); *Turnier v. Bed Bath & Beyond Inc.,* 2021 WL 3022430, at *2 (S.D. Cal. July 16, 2021) (remanding for lack of Article III standing for injunctive relief); *Scheibe v. Esupplements, LLC*, 681 F. Supp. 3d 1101, 1109 (S.D. Cal. 2023) (plaintiff lacked standing to assert claim for injunctive relief where he did not allege continued desire or intent to purchase products in the future); *Linton v. Axcess Financial Services, Inc.,* 2023 WL 4297568, at *4 (N.D. Cal. June 30, 2023) (same, collecting cases).

Because Plaintiff lacks Article III standing to seek injunctive relief in federal court, this Court lacks subject matter jurisdiction over those claims and must remand. *See Turnier,* 2021 WL 3022430, at *2; *Linton,* 2023 WL 4297568, at *4.

**D.  In Any Event, Defendant Fails to Establish That the Value of Injunctive Relief to Plaintiff Individually Exceeds $75,000.**

Under § 1332(a), only the value of the injunction as to Plaintiff or, from the defendant's perspective, the cost to Laird attributable to Plaintiff's individual claim may be considered. *See Enriquez v. Sirius XM Radio, Inc.*, 2022 WL 4664144, at *5 (E.D. Cal. Sept. 30, 2022); *Doe v. Aetna, Inc.*, 2018 WL1614392, at 1t *6 (N.D. Cal. 2018).  Defendant presents no such individual-level estimate.

/ / /

-7-

The Vieth Declaration projects compliance costs on a nationwide, company-wide basis: relabeling, advertising revision, inventory management across all markets. Vieth Decl. ¶¶ 6-7.  This is precisely the aggregate analysis rejected by *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977) and *In re Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001).  Furthermore, Defendant does not even attempt to quantify the purported costs of compliance.  *See Aseltine v. Panera, LLC,* No. 21-CV-04284-JST, 2021 WL 8267421, at *3 (N.D. Cal. Dec. 13, 2021) (courts exclude injunctive relief from amount in controversy when defendant fails to estimate individual compliance costs); *Garcia v. Henkel Corporation*, No. CV 25-3302 PA (MAAX)) 2025 WL 1591600, at *4 (C.D. Cal. June 4, 2025) (remanding where defendant based removal on mere speculation regarding the costs of the injunction requested by plaintiff); *Doody v. Richman Property Services, Inc.*, No. 3:24-CV-01557-JES-BLM) 2025 WL 1082853, at *6 (S.D. Cal. Apr. 10, 2025).

The Complaint itself further limits the scope of any injunction.  Plaintiff does not seek a recall, an immediate advertising halt, or disposal of existing inventory.  The Prayer requests only that Laird cease the challenged advertising after its "currently paid-for advertising campaigns are complete" and after "complete exhaustion of its existing labeling inventory."  Compl., Prayer ¶ C.  The marginal, prospective compliance cost attributable to that limitation—allocated to a single named plaintiff's pro rata share—is nominal.  Costs that Laird would incur as ordinary business expenses regardless of this lawsuit do not count toward the amount in controversy.  *See Aetna,* 2018 WL 1614392, at *6.

**F. Plaintiff's Claims for Public Injunctive Relief Reinforce the Case for Remand**.

The Complaint expressly seeks public injunctive relief under the UCL and CLRA.  Compl., Prayer ¶ C.  Where a plaintiff seeks public injunctive relief—relief primarily for the benefit of the general public—district courts in this Circuit have consistently held that its cost cannot be attributed to the named plaintiff for purposes of establishing the amount in controversy under § 1332(a).  *See Enriquez,* 2022 WL

4664144, at *4-5; *Aetna,* 2018 WL 1614392, at *6; *Jaimes v. Am. First Fin. LLC,* No. 23-cv-04773, 2023 WL 6783774, at *2 (N.D. Cal. Oct. 12, 2023); *See Perez v. Charter Communications, LLC*, No. 25-CV-03761-EKL, 2026 WL 266452, at *1 (N.D. Cal., Feb. 2, 2026). To hold otherwise would mean that virtually any California consumer protection class action involving a diverse defendant—regardless of how small the individual plaintiff's injury—would confer federal jurisdiction. That outcome is precisely what the anti-aggregation rule exists to prevent. *Aetna,* 2018 WL 1614392, at *6.

**G. The Court Lacks Equitable Jurisdiction over Plaintiff's Claims for Equitable Relief.**

Separate and apart from Article III standing and the amount-in-controversy deficiencies, this Court lacks equitable jurisdiction over Plaintiff's claims for equitable relief—including restitution, disgorgement, and injunctive relief—for two independent reasons.

First, a federal court sitting in equity may not award equitable relief when the plaintiff has an adequate remedy at law. A plaintiff seeking equitable relief must demonstrate that he lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of UCL restitution claim where plaintiff had adequate legal remedy). The Complaint does not allege that Plaintiff lacks an adequate remedy at law. Because Plaintiff asserts common law claims for damages—including intentional misrepresentation, negligent misrepresentation, and breach of contract—he has an adequate legal remedy. This Court therefore lacks equitable jurisdiction over Plaintiff's equitable claims.

Second, the Supreme Court's recent decision in *Trump v. CASA, Inc.,* 606 U.S. 831, 842 (2025), makes clear that a federal court's equitable authority to award relief is ordinarily limited to the parties before it. An action for public injunctive relief is a non-class case that primarily seeks relief for parties not before the Court. To the extent Plaintiff seeks public injunctive relief that would benefit consumers who are

-9-

not parties to this action, the Court lacks the equitable authority to grant it.

Where the Court lacks equitable jurisdiction, it may remand so that a state court can adjudicate Plaintiff's equitable claims under California law. *See Sonner*, *supra*, 971 F.3d at 844 (9th Cir. 2020)

**H. Abstention Provides a Further Independent Basis for Remand.**

Separate and apart from subject matter jurisdiction and equitable jurisdiction, the Court should remand this action based on abstention principles. "[I]t has long been established that a federal court has the authority to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity." A federal district court sitting in equity may decline jurisdiction of a matter presenting solely a local concern.

In *Velasquez v. Luxottica of America, Inc.,* 2025 WL 562881, at *1 (C.D. Cal. Feb. 19, 2025), the court applied abstention to claims for public injunctive relief under the UCL and FAL—the same claims Plaintiff alleges here—and remanded the action, citing a "slew of cases remanding similar claims on similar bases." *Id.* at *2.

Here, Plaintiff is an individual California consumer who seeks equitable relief against Defendant based solely on California consumer protection statutes—the UCL, FAL, and CLRA. There is no federal question. The claims involve the interpretation of California law and the crafting of injunctive relief affecting California consumers. The Court should remand the action to allow a California state court to interpret California law and craft appropriate injunctive relief. Abstention provides an additional and compelling reason for remand.

**V. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES**

The Court may award attorneys' fees incurred as a result of improper removal. 28 U.S.C. § 1447(c). Fees are appropriate when the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). That standard is met here. Defendant removed under § 1332(a) in a class action without offering any dollar figure for Plaintiff's individual

damages or restitution and without addressing the anti-aggregation rule. *Snyder* and *Urbino* are decades-old, black-letter authority. The legal principles and case law cited throughout this brief were well-known before Defendant improvidently removed this case. Laird's decision to remove without addressing them—and without adducing any individualized evidence of the amount in controversy—lacked an objectively reasonable basis. Plaintiff respectfully requests an award of the fees and costs incurred as a result of this removal.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and remand this action to the Los Angeles County Superior Court.

DATED: March 26, 2026                    Respectfully submitted,


                                         COUNSELONE, PC


                                    By: */s/ Justin Kachadoorian*
                                         Anthony J. Orshansky
                                         Alexandria R. Kachadoorian
                                         Justin Kachadoorian

                                         *Attorneys for Plaintiff Salvador Caldera*

PLAINTIFF'S MOTION TO REMAND
Case No. 2:26-cv-01955-MCS-PVC

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 26, 2026.

By:    */s/ Justin Kachadoorian*
Justin Kachadoorian

PLAINTIFF'S MOTION TO REMAND
Case No. 2:26-cv-01955-MCS-PVC