UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-01955-MCS-PVC** | Date | August 11, 2026 |
| Title | *Caldera v. Laird Superfood, Inc.* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: MOTION FOR ATTORNEY'S FEES (ECF NO. 30)**

Plaintiff Salvador Caldera moves for an award of attorney's fees incurred as a result of Defendant Laird Superfood, Inc.'s, removal of this action from the Los Angeles County Superior Court. (Mot. for Fees, ECF No. 30; Notice of Errata, ECF No. 31.) Defendant opposed, (Opp'n, ECF No. 32), and Plaintiff filed a reply, (Reply, ECF No. 33). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Defendant removed this action on February 24, 2026. (Notice of Removal, ECF No. 1.) On March 26, Plaintiff filed a motion to remand. (Mot. to Remand, ECF No. 12.) As a part of that motion, Plaintiff "request[ed] an award of the fees and costs incurred as a result of" the removal. (*Id.* at 11.) Defendant opposed the motion to remand and moved for leave to amend the notice of removal, (Opp'n to Mot. to Remand, ECF No. 16; Mot. for Leave to Am., ECF No. 19), and Plaintiff filed a reply in which he reiterated his request for attorney's fees and costs, (Reply ISO Mot. to Remand 9, ECF No. 17). Before the Court ruled on the motions, the parties filed a stipulation to remand the action to the Los Angeles County Superior Court. (Stip., ECF No. 26.) The Court explained that "the parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction," but the Court construed

| Page 1 of 3 | CIVIL MINUTES – GENERAL | Initials of Deputy Clerk SMO |
|---|---|---|

"the parties' stipulation as Defendant's withdrawal of its opposition to Plaintiff's motion to remand." (Remand Order 1, ECF No. 27 (internal quotation marks omitted).) Accordingly, the Court granted Plaintiff's remand motion, denied the other pending motions as moot, and remanded the action to Los Angeles County Superior Court on May 4, 2026. (*Id.*)

Defendant challenges the timeliness of Plaintiff's motion for fees. (Opp'n 11–12.) Generally, "[u]nless a statute or a court order provides otherwise, [a] motion [for attorney's fees] must . . . be filed no more than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). "Although the 14-day period is not jurisdictional, the failure to comply [with Rule 54] should be sufficient reason to deny the fee motion, absent some compelling showing of good cause." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 889–90 (9th Cir. 2000) (alteration in original) (internal quotation marks omitted). Most courts that have considered the question of whether Rule 54's 14-day period applies to remand orders have concluded that it does. *See, e.g.*, *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1259 (3d Cir. 1996) (reasoning that "a remand order, though not appealable, has the same indicia of finality as an appealable order"); *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997) (applying timeliness requirement of Rule 54(d)(2)(B) for a motion to recover fees in connection with remand); *Jericho Grp., Ltd. v. Midtown Dev., L.P.*, No. 07 Civ. 1792 (CM)(DCF), 2008 U.S. Dist. LEXIS 52706, at *5–6 (S.D.N.Y. May 22, 2008) (collecting cases). "Allowing a state court litigant to return to federal court whenever he may feel like doing so for the sole purpose of raising a fee claim multiplies litigation and serves, at best, as a distraction with regard to the state court proceedings, which otherwise normally will be devoted to more substantive and important issues." *Toledo Police Patrolmen's Ass'n v. City of Toledo*, 167 F. Supp. 2d 975, 977 (N.D. Ohio 2001). Moreover, "district courts [are] free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 454 (1982). In the Central District of California, Local Rule 54-7 provides that "[a]ny motion or application for attorneys' fees shall be served and filed within fourteen (14) days after the entry of judgment or other final order, unless otherwise ordered by the Court." C.D. Cal. R. 54-7; *see also Alpert v. Screen Actors Guild, Inc.*, No. CV 04-10059 SVW (CWx), 2005 U.S. Dist. LEXIS 51068, at *2–3 (C.D. Cal. Apr. 12, 2005) (observing that motion for attorney's fees was due within 14 days after remand order under prior version of the local rule).

Here, Plaintiff filed the instant motion on July 7, 2026, 64 days after the Court's remand order. Accordingly, the motion was untimely. Plaintiff presents no

---

Page **2** of **3**                    CIVIL MINUTES – GENERAL                    Initials of Deputy Clerk SMO

"compelling showing of good cause," *Kona Enters.*, 229 F.3d at 889–90, for his failure to bring a motion for fees within the 14-day period required by Federal Rule of Civil Procedure 54(d)(2)(B) and Local Rule 54-7. Instead, Plaintiff argues that the motion for fees was timely because he requested attorney's fees in his March 26 motion to remand. (Reply 8–9.) However, Plaintiff's fee request in the motion to remand provided no statement or estimate of the fees and costs incurred from the removal, *see* Fed. R. Civ. P. 54(d)(2)(B)(iii), and did not comply with the additional requirements this Court imposes on motions for attorney's fees, (*see* Initial Standing Order § 10(d), ECF No. 8). Further, to the extent Plaintiff intended his cursory request for fees to serve as a motion for attorney's fees, the Court denied it sub silentio by granting Plaintiff's motion to remand without providing any additional relief. (*See* Remand Order.) The Court concludes that Plaintiff's fee request in his motion to remand does not render the instant motion timely.

Because Plaintiff's motion for fees is untimely and Plaintiff presents no compelling showing of good cause for the motion's untimeliness, the Court denies the motion.

**IT IS SO ORDERED.**

---